## SONS AND DAUGHTERS OF ZION v. VICKSBURG, S. & P. RY. CO.*

No. 4363.

Court of Appeal of Louisiana. Second Circuit.

Dec. 16, 1932.

Stubbs & Thompson, of Monroe, for appellant.

Redmond & Thompson, of Monroe, for appellee.

McGREGOR, J.

On February 8, 1892, Robert B. Blanks, John P. Parker, and Thomas N. Comer sold to Zion Travellers Church and the Sons and Daughters of Zion a certain lot of ground in the city of Monroe. One of these organizations, as is indicated by its name, is a church, and the other is a social-fraternal organization composed largely, but not exclusively, of members of Zion Travellers Church, but, even at that, there is no official relation between them, nor is there any control of either over the other.

Members of both organizations, with few exceptions, lost sight of the fact that there

*Rehearing denied January 19, 1933.

was joint ownership of the property, and it was generally thought that the title was in the church alone.

In the early part of the year 1929, the church took steps to sell to the defendant this lot and another that it owned; the purchase price for the two lots being $2,000. The deal was handled by the right of way agent of the defendant, and, after all the details had been agreed upon, it was turned over to the defendant's attorney for the purpose of being put into legal form. While it may not be in the record, it is easily inferred therefrom that the defendant's attorney discovered that the plaintiff had a half interest in one of these lots, so he prepared two sets of resolutions, one to be passed by a joint congregational meeting of the Zion Travellers Association and the Zion Travellers Church and the Sons and Daughters of Zion, and the other to be passed by the so-called board of trustees of the same three bodies.

The testimony on this point is rather lengthy and tedious, but, after a careful reading and study of it, we are convinced that neither of these resolutions was ever read or passed on in any meeting of any of these three organizations, and it is certain there were never any joint meetings of the three organizations.

On May 27, 1929, in regular open meeting of the church, W. F. Sherman, a member of the church, and who at the time was president of the Sons and Daughters of Zion, made a verbal motion to sell the two lots for $2,000. The motion was carried and no one present appeared to have any idea that the Sons and Daughters of Zion had a half interest in one of the lots. The next day the two resolutions were presented to the attorney of the defendant, properly filled out and certified as follows:

"Be it resolved:

"By the Board of Trustees of Zion Travellers Association, Zion Travellers Church and Sons and Daughters of Zion, religious organizations of the Baptist Church, that the following described property situated in the City of Monroe, Parish of Ouachita, State of Louisiana, and more particularly described as: (Description of property) be sold to the Vicksburg, Shreveport and Pacific Railway Company for the Price of Two Thousand and no/100 ($2,000.00) Dollars, cash.

"Be It Further Resolved:

"That W. W. Hill, Robert James and Frank Hunt, Trustees of Zion Travellers Association, Zion Travellers Church and Sons and Daughters of Zion, be and they are hereby authorized and instructed to sign deed in favor of said Railway Company, conveying said property under full legal title, to receive the purchase-price, and generally to do and perform any and all acts and things necessary and proper

to complete said sale and vest title to the property in said Railway Company.

"I, Alex Johnson, Clerk of the Board of Trustees of Zion Travellers Association, Zion Travellers Church and Sons and Daughters of Zion, do hereby certify that the above and foregoing copy is a true, faithful and correct copy of a resolution adopted by said Board of Trustees at a meeting thereof held at the office and domicile thereof at Monroe, Louisiana, on May 27, 1929, at which meeting a quorum of said Board of Trustees was present and voted in favor of said resolution.

"In faith whereof, witness my official signature at Monroe, Louisiana, this May 28, 1929.

"Alex Johnson
"Clerk of the Board of Trustees of Zion Travellers Association, Zion Travellers Church and Sons and Daughters of Zion."

"Be it resolved:

"By the Zion Travellers Association and by Zion Travellers Church and Sons and Daughters of Zion of Monroe, Louisiana, religious organizations of the Baptist Church, in Congregational meeting convened and assembled after due and legal notice, at which meeting a majority of all the members of said Zion Travellers Association and a majority of all the members of Zion Travellers Church and Sons and Daughters of Zion are present and voting, that this association and this Church and the Sons and Daughters of Zion sell and convey to the Vicksburg, Shreveport and Pacific Railway Company, for the price and consideration of Two Thousand and no/100 ($2,000.00) Dollars, cash, the following described property situated in the City of Monroe, Parish of Ouachita, State of Louisiana, to-wit: (Description of property.)

"Be It Further Resolved:

"That W. W. Hill, Robert James and Frank Hunt, members of Zion Travellers Association, of Zion Travellers Church and of the Sons and Daughters of Zion be and they are hereby designated and appointed and empowered to make, effect and complete said sale and to that end be and they are hereby fully authorized and instructed for and as representing Zion Travellers Association, Zion Travellers Church and Sons and Daughters of Zion, to sign and execute the necessary deed conveying said property to said Vicksburg, Shreveport and Pacific Railway Company, for the price stipulated hereinabove, to receive on our behalf such purchase-price and generally to do and perform any and all acts and things necessary and proper to complete said sale in accordance with this resolution:

"I, Alex Johnson, Secretary of Zion Travellers Association, of Zion Travellers Church and of Sons and Daughters of Zion, do hereby certify that the above and foregoing is a true, faithful and correct copy of a resolu-

tion adopted at a Congregational meeting of the members of Zion Travellers Association, of Zion Travellers Church and Sons and Daughters of Zion held at the Church of said parties and organizations at the City of Monroe, Louisiana, on May 27, A. D. 1929, at 9 P. M., at which meeting a majority of all the members of said congregation and organizations was present and voted in favor of said resolution.

"In faith whereof, witness my official signature at Monroe, Louisiana, this 28 day of May, A. D. 1929.

"Alex Johnson
"Secretary of Zion Travellers Association and Zion Travellers Church and Sons and Daughters of Zion and of the Congregation meeting thereof."

In the copies of the resolutions purporting to have been passed by the joint congregational meeting of the three bodies, and the joint meeting of the board of trustees of the three organizations, the sale of the two lots for $2,000 is provided for; W. W. Hill, Robert James, and Frank Hunt are designated as members and trustees of the three organizations, and are authorized and instructed to sign the deed conveying the property to the defendant. Alex Johnson certified to each set of resolutions as having been adopted by the joint congregational meeting and the joint meeting of the board of trustees on May 27, 1929. In doing this, he certified that he was a clerk of all three boards of trustees and of all the organizations and of the two so-called joint meetings.

On the strength of these two resolutions, the following deed was executed, and the two resolutions were attached to and recorded with it:

"State of Louisiana, Parish of Ouachita:

"Be it known, that on this the 28 day of May, A. D. 1929, before me, Dorothy N. Minard, a Notary Public in and for said Parish and State, personally came and appeared Zion Travellers Association, Zion Travellers Church and Sons and Daughters of Zion, of Monroe, Louisiana, religious organizations of the Baptist Church, represented herein by W. W. Hill, Robert James and Frank Hunt, who are acting herein under and by virtue of a resolution of the Congregation of said vendor organizations adopted at a Congregational Meeting thereof held on May 27, 1929, a certified copy of said resolution being hereto annexed and made part hereof and further represented herein by W. W. Hill, Robert James and Frank Hunt, who are acting herein under and by virtue of a resolution adopted by the Board of Trustees of said vendor organizations adopted at a meeting of said Board held May 28, 1929, a certified copy of said resolution being hereto annexed and made part hereof, and the said Zion Travellers Association, said Zion Travellers Church, and said Sons and Daughters of Zion, represented as aforesaid, declared and acknowledged that they and each of them have sold, conveyed and delivered and by these presents do sell, bargain, transfer, assign, set over and deliver unto the Vicksburg, Shreveport and Pacific Railway Company, a corporation organized and doing business under the laws of the State of Louisiana, with its domicile at the City of Monroe, in said State, present and accepting this sale for itself, its successors and assigns, the following described property, together with the buildings and improvements thereon situated and appurtenances thereunto belonging, situated in the City of Monroe, in the Parish of Ouachita, State of Louisiana, to-wit: (Description of property.)

"To have and to hold the above described property unto the said vendee, its successors and assigns forever.

"The parties to this Act agree to dispense with the Certificate of Mortgage required by Article 3364 of the Civil Code of Louisiana and the Tax Receipts required by law to be produced and exonerate me, Notary, from any and all liability in the premises on account of their non-production.

"The price for which the above sale is made is the sum of Two Thousand and no/100 ($2,000.00) Dollars, cash in hand paid by the vendee to the vendors, receipt of which is hereby acknowledged by the vendors and full acquittance granted the vendee therefor.

"Thus done and passed, in the presence of Robert H. Hope and M. C. Thompson witnesses of lawful age and domicile who hereunto sign their names, together with the said parties and me, said Notary, on this the 28th day of May, in the year of our Lord, One Thousand, Nine Hundred and Twenty Nine.

"Zion Travellers Association
"By: W. W. Hill
"By: Frank Hunt
"By: Robert James
"Zion Travellers Church
"By: W. W. Hill
"By: Frank Hunt
"By: Robert James
"Sons and Daughters of Zion
"By: W. W. Hill
"By: Frank Hunt
"By: Robert James
"Vicksburg, Shreveport and Pacific Railway Company
"By: Frank P. Stubbs, Agent and Attorney.
"Attest:
"Robert H. Hope
"M. C. Thompson
"[Notarial Seal.]
"Dorothy N. Minard, Notary Public."

It will be seen that the name of plaintiff was signed to the deed by W. W. Hill, Robert

James, and Frank Hunt. After the passage of the deed, a check for $2,000 was prepared and made payable to Zion Travellers Association, Zion Travellers Church, and Sons and Daughters of Zion. On the back of this check there is a typewritten indorsement in the names of the three payees, and the signatures of Hunt, Hill, and James are written in with ink. The check was cashed and placed in the bank to the credit of the church alone.

Soon after the day of the sale, news began to spread among the members of the plaintiff, Sons and Daughters of Zion, that its name was on the check. This led to an investigation and the employment of an attorney, and the result was the discovery of the fact that the plaintiff did own one-half interest in the property and should have received one-half of the proceeds. On its face the deed appears perfectly legal. The resolutions also on their face appear to have been duly passed, but there was nothing in the mind of any one on May 27, 1929, concerning the plaintiff, Sons and Daughters of Zion, selling their interest, for the pastor himself, who presided at the meeting and said that both resolutions were passed, testified that on that day neither he nor any of the Sons and Daughters of Zion knew that the plaintiff had any interest. It is true that some of the members of the Sons and Daughters of Zion were members of the church and were present that day, taking part in the meeting, but, if they did not even know that one-half interest in the title was in their organization, they cannot be said to have been bound by those resolutions. Obviously there was no joint meeting when all thought the title was in the church alone, for there could be no occasion for a joint meeting. This bit of testimony really settled the case, even if there were not an overwhelming amount of other testimony to the same effect. Furthermore, the fact remains undisputed that W.

W. Hill, Robert James, and Frank Hunt, the three men who signed the deed, were not at the time and never had been members of Sons and Daughters of Zion. The same thing is true of Alex Johnson, who certified to the correctness of the resolutions.

Plaintiff brings this suit against the defendant for one-half the value of the land. They cannot sue for the recovery of the land itself, as the defendant has already taken possession of it and it is now covered with railroad tracks. It is the contention of the defendant that, since as many as a quorum of the Sons and Daughters of Zion was present and took part in the church meeting, that action of the church binds the other organization. That position cannot be successfully maintained on any theory.

In its answer the defendant prays in the alternative that, in case judgment is rendered against it, judgment for the same amount and in its favor be rendered against the Zion Travellers Association, Zion Travellers Church, W. W. Hill, Robert James, Frank Hunt, and for the further sum of $100 taxes paid.

On the trial in the district court, there was judgment in favor of the plaintiff for $500, against the defendant, and in favor of the defendant against Zion Travellers Church for the same amount. All other demands were omitted, and therefore are taken as having been rejected. From that judgment the defendant has appealed.

The decision of this case depends solely upon questions of fact. The trial judge, we think, has properly appraised the testimony. We find no error in his conclusions, but think he was correct.

For the reasons assigned above, the judgment appealed from is affirmed, with all costs.

PALMER, J., concurs.